**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-03166-WJM-BNB

DAVID P. GORDON, an individual,
JEROME SILBER, as trustee for the benefit of the
MICHELLE BEHREND GIFT TRUST, and
NEAL BEHREND GIFT TRUST, individually and
on behalf of all others similarly situated,

 Plaintiffs,

v.

MOUNT YALE INVESTMENT ADVISORS, LLC,
a Delaware limited liability company,
LINCOLN FINANCIAL ADVISORS CORP.,
an Indiana corporation, and
SILLER AND COHEN, a New York partnership,

 Defendants.

---

**ORDER OF REMAND**

---

This mater is before the Court on review of the file following Defendants' Motion to Amend Notice of Removal (ECF No. 12) filed by Defendant Mount Yale Investment Advisors, LLC ("Mount Yale") on January 17, 2011. Plaintiffs David P. Gordon, Jerome Silber, Michelle Behrend Gift Trust, and Neal Behrend Gift Trust ("Plaintiffs") commenced this class action in the District Court, City and County of Denver, Colorado on December 10, 2010. (*See* Notice of Removal, ECF No. 1.) On December 29, 2010 Defendant Mount Yale filed a Notice of Removal (ECF No. 1) with this Court, purporting to invoke the Court's jurisdiction under 28 U.S.C. § 1332. Because Defendant Mount

1

Yale has conceded that this Court does not have subject matter jurisdiction over this matter, the case must be remanded to the State court.

Generally, a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). Relevant to the present case, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a) (2006).  In a removal case asserting the Court's diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

In District Judge Phillip A. Brimmer's January 5, 2011 Order to Show Cause (ECF No. 11), this Court asked Defendants to provide further specificity regarding the citizenship of Plaintiffs and Defendants.  In examining citizenship, Defendants appropriately determined that subject matter jurisdiction based on diversity of citizenship between the parties was precluded because of the citizenship of members of the LLC that owns Defendant Mount Yale.  (ECF No. 12 ¶ 4.)  Subject matter jurisdiction over this case is therefore precluded.  Accordingly, it is hereby ORDERED that:

(A)     This case is REMANDED to the District Court, City and County of Denver, Colorado, for further proceedings;

(B)     Defendants' Motion to Amend Notice of Removal (ECF No. 12) is DENIED;

(C)     Defendant Mount Yale's Motion to Dismiss (ECF No. 19) and Defendants

Lincoln Financial Advisors Corp., and Siller and Cohen's Motion to Dismiss (ECF No.

22) are DENIED as moot;

      (D)    Leave is GRANTED to Plaintiffs' to file a motion for attorney's fees and

costs reasonably incurred as a result of Defendants' inappropriate attempt to remove

this controversy to this Court on or before Thursday, March 31, 2011.

      Dated this 16th day of March, 2011.

BY THE COURT:


*s/ William J. Martínez*
United States District Judge
